IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Genuine Truth Banner, ) | Case No.: 6:23-cv-00570-JD-KFM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Audrey Daniels-Moore; Dennis Patterson, ) | |
| Sr.; Joel Anderson; Stacey Richardson; ) | |
| Joseph Stinesf; Dr. Stephanie Skewes; ) | |
| Brandon Byrd; Terrie Wallace, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 12.) Plaintiff Genuine Truth Banner ("Plaintiff" or "Banner"), a state prisoner proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 alleging Defendants Audrey Daniels-Moore ("Ms. Daniels-Moore"); Dennis Patterson, Sr.; Joel Anderson; Stacey Richardson; Joseph Stines; Dr. Stephanie Skewes; Brandon Byrd; and Terrie Wallace (collectively "Defendants") violated his Fifth, Eighth, and Fourteenth Amendment rights.

Plaintiff contends he was transferred to maximum security on April 2, 2020, based upon allegations that he attempted to murder an officer. (DE 1, p. 8.) Plaintiff's disciplinary hearing was held in October 2021, which Plaintiff alleges was not within 21 days as required. (Id.) Banner

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

contends that he was tried in General Sessions court and found "not guilty" of the charges but was still required to attend a disciplinary hearing for the same charges in October 2021. (Id.) He argues the disciplinary hearing was flawed because he did not have access to certain evidence or witnesses based on the age of the offense (Id. at 9.) Plaintiff believes that Ms. Daniels-Moore was not impartial and wrongfully found him guilty of the disciplinary charge (Id. at 9-10.) As a result of the charge, Plaintiff was sanctioned the loss of 12 days of good time and sentenced to time served on maximum security (Id. at 9).

Banner further claims his ongoing stay in solitary confinement is cruel and unusual punishment. (DE 1, p. 11.) Plaintiff contends that his equal protection rights have been violated because other inmates had their disciplinary charges dismissed if their hearings did not occur within 21 days. (Id. at 10.) Banner alleges his disciplinary charge violated double jeopardy since he was found not guilty of the charges in General Sessions court. (Id.) Banner contends he exhausted his state court remedies by appealing his disciplinary conviction to the South Carolina Administrative Law Court. (Id. at 15; see DE 1-1.) Plaintiff's alleged injuries include the loss of 12 days of good time and emotional pain and suffering. (DE 1, p. 12.) For relief, Banner seeks to have his disciplinary conviction overturned, his good time restored, and money damages. (Id.)

The Report was issued on March 24, 2023, recommending this action be dismissed with prejudice for failure to file an amended complaint within the time provided and for failure to comply with a court order. (DE 12.) On April 20, 2023, Banner filed a Notice stating that he "[…] has no objections to make in the matter." (DE 15). In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only

satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record, the Court finds no clear error on the face of the record, and the Court adopts the Report (DE 12) and incorporates it here.

It is, therefore, **ORDERED** that Plaintiff's action is dismissed with prejudice and without leave for further amendment.

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
November 3, 2023

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.